FILED
United States Court of Appeals
Tenth Circuit

July 12, 2023

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

─────────────────────────────

BATS GLOBAL MARKETS HOLDINGS, INC. AND SUBSIDIARIES,

    Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

    Respondent - Appellee.

No. 22-9002
(CIR No. 1068-17)
(Commissioner of Internal Revenue)

─────────────────────────────

**ORDER AND JUDGMENT**[*]

─────────────────────────────

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.

─────────────────────────────

Petitioner Bats Global Markets Holdings, Inc. and Subsidiaries, an online stock exchange operator, filed suit against Respondent Commissioner of Internal Revenue over Petitioner's entitlement to a now-repealed tax deduction.[1] After a six-day bench trial, the United States Tax Court ruled for Respondent. Petitioner now appeals multiple orders from the Tax Court, asserting that the Tax Court

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] In light of Congress's choice to repeal former Internal Revenue Code § 199, and the Tax Court's thorough analysis, we exercise our discretion to issue a summary affirmance.

misinterpreted applicable Regulations, reached incorrect characterizations of the facts, ignored unrebutted testimony—including about the functions of software at issue—and made a clearly erroneous determination that its fees were not derived from customers' access to software for their direct use.  Petitioner also contends the Tax Court ignored unrebutted testimony about software third parties sold to customers, and that the Tax Court abused its discretion by excluding testimony about an additional third party that sold software to customers.

We have reviewed the relevant Tax Court orders, the parties' briefs, the applicable authorities, and the appellate record.  We hold that the Tax Court correctly concluded that Petitioner failed to demonstrate that a third party derived revenue from licenses or other dispositions of software that was substantially identical to Petitioner's software, as required by the so-called third-party comparable exception.[2]  See Treas. Reg. § 1.99-3(i)(6)(iii)(B).  As to the Tax Court's decision to exclude Petitioner's evidence of an additional comparable, we agree with Petitioner that the Tax Court failed to apply the four factors we identified in Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999), but we conclude that the Tax Court's error was harmless because the evidence was cumulative.  See

---

[2] Because we affirm the Tax Court based on the third-party comparable exception, we need not reach the Tax Court's interpretation of, and findings related to, Treasury Regulation § 1.199.3(i)(6)(iii)'s threshold requirement—that Petitioner is not entitled to treat the gross receipts from its fees (transaction fees, routing fees, and logical port fees) as domestic production gross receipts because Petitioner did not derive those fees from providing customers access to computer software for their direct use.

App. Vol. 16 at 4331–32 ("[T]his evidence consists of only a narrow set of facts regarding a single additional example of a general fact pattern[.]").

Accordingly, we exercise jurisdiction under 26 U.S.C. § 7482(a)(1) and affirm for substantially the same reasons as stated in the Tax Court's orders regarding the third-party comparable exception.

AFFIRMED.

                                            Entered for the Court

                                            Joel M. Carson III
                                            Circuit Judge